IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES REUBEN FUNK,
    Plaintiff

    v.

WARDEN DOMINICK DEROSE,
    Defendant

CIVIL NO. 3:12-CV-2282

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

---

CHARLES REUBEN FUNK,
    Plaintiff

    v.

DEPUTY WARDEN ELIZABETH
NICHOLS,
    Defendant

CIVIL NO. 3:12-CV-2327

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

---

CHARLES REUBEN FUNK,
    Plaintiff

    v.

WARDEN DOMINIC DEROSE,
    Defendant

CIVIL NO. 3:12-CV-2339

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

FILED
SCRANTON
JAN 3 1 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

In November, 2012, Plaintiff, Charles Reuben Funk, who was incarcerated at the Dauphin County Prison[1] ("DCP"), filed three civil rights actions pursuant to 42 U.S.C. § 1983. (Doc. 1).

---

[1] According to the Pennsylvania Department of Corrections Inmate Locator, Plaintiff is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). See http://inmatelocator.cor.state.pa.us/inmatelocatorweb/, last accessed January 31, 2013. Notably, it is Plaintiff's responsibility to inform the Court of a change of address, and his failure to do so could allow for dismissal of the complaints. See FED. R. CIV. P. 41(b) (permitting a court to dismiss an action for a plaintiff's "failure to prosecute or to comply with these rules or a court order"); M.D. Pa. L.R. 83.18 (requiring an unrepresented party to "maintain on file with the clerk a current address"); Binsack v. Lackawanna County Dist., 2011 U.S. Dist.

Plaintiff filed motions for leave to proceed in forma pauperis in each case. (Doc. 2). On November 28, 2012, Magistrate Judge Thomas M. Blewitt screened the complaints and issued a Report and Recommendation ("R&R")[2] recommending that the three cases be consolidated under Civil No. 12-2282 and that the other two cases be closed. (Doc. 6). Further, the Magistrate Judge concludes that Plaintiff failed to exhaust administrative remedies and failed to state a constitutional claim. (Id.). The R&R recommends that the consolidated case also be dismissed and closed. (Id.). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or

---

LEXIS 134245 (M.D. Pa. 2011) (Caputo, J.) (dismissing the complaint pursuant to Rule 41(b) and M.D. Pa. Local Rule 83.3.1 for failure to prosecute).

[2]A single R&R was filed for the three cases, but assigned a different docket number in each action. See Civil No. 12-2282 at (Doc. 6); Civil No. 12-2327 at (Doc. 5); Civil No. 12-2339 at (Doc. 7). For purposes of this Memorandum, the R&R will be referred to as (Doc. 6).

public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

Having reviewed the instant record, no error is discerned from the R&R. Initially, Magistrate Judge Blewitt explains the court's obligation to screen complaints when a prisoner wishes to proceed in forma pauperis. (Doc. 6, p. 5), quoting 28 U.S.C. § 1915(e)(2) (directing a court to dismiss a complaint if the allegation of poverty is untrue; or if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune). The Magistrate Judge then discusses the elements of a section 1983 civil rights action, specifying that personal liability cannot be based on a theory of respondeat superior. (Doc. 6, pp. 6-7), citing Parratt v. Taylor, 451 U.S. 527 (1981); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998). Magistrate Judge Blewitt states that the screening process involves the same standards for deciding a Rule 12(b)(6) motion to dismiss. (Doc. 6, pp. 7-8), quoting Reisinger v. Luzerne County, 712 F. Supp. 2d 332, 336 (M.D. Pa. 2010) (Caputo, J.); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

The R&R provides the background and allegations of Plaintiff's complaints. See (Doc. 6, pp. 3-4, 8). Specifically, in Civil No. 12-2282, Plaintiff alleges that he is a sex offender, but the

3

DCP is refusing to place him on the sex offender housing block and is denying him sex offender treatment. (Id.). In Civil No. 12-2327, Plaintiff repeats his claim that he is wrongfully being denied sex offender housing and treatment. (Id.). He also alleges that Defendant, by filing misconduct reports, wants to keep him on "lockdown in the hole" until he is transferred to SCI-Camp Hill because he raped an inmate. (Id.). The complaint in Civil No. 12-2339 again reiterates Plaintiff's claims that he is wrongfully being denied placement on the sex offender housing block and treatment. (Id.).

The Magistrate Judge finds that to the extent Plaintiff requests compensatory damages against Defendants in their official capacities, his claims must be dismissed with prejudice. (Doc. 6, pp. 9-10). Magistrate Judge Blewitt explains that the "Eleventh Amendment bars a suit against state officials sued in their official capacities...." (Id.), quoting Atwell v. Schweiker, 274 Fed. Appx. 116, 118 (3d Cir. 2007). The R&R concludes that Plaintiff can only sue Defendants in their individual or personal capacities. (Id.) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)). This Court agrees.

Further, Magistrate Judge Blewitt determines that Plaintiff's three complaints involve common questions of law and fact and, therefore, should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure. (Doc. 6, pp. 10-11). The R&R quotes Rule 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). The Magistrate Judge finds that the complaints raise "almost the exact

4

same constitutional claims against Defendants who are both supervisory officials at DCP." (Doc. 6, pp. 10-11). Magistrate Judge Blewitt recommends that the cases be consolidated into Civil No. 12-2282 and that the matter should proceed under that action number. (Id.) (citing Bradley v. Family Dollar, Inc., 2010 U.S. Dist. LEXIS 139254 (M.D. Pa. 2010) (Blewitt, M.J.), adopted by, 2011 U.S. Dist. LEXIS 1897 (M.D. Pa. 2011) (Conner, J.)). This Court will adopt Magistrate Judge Blewitt's analysis and follow his recommendation.

Next, the R&R states, "Plaintiff readily admits on the face of all three of his Complaints that he failed to complete the grievance process available at DCP regarding his instant claims and he contends that prison staff refuse to respond to his grievances." (Doc. 6, p. 11). Magistrate Judge Blewitt reasons, however, that the prison did not have "an opportunity to respond to Plaintiff's November 9, 2012 DCP Inmate Request Forms ... since Plaintiff signed his two civil rights Complaints against Warden DeRose on November 8, 2012, and signed his civil rights Complaint against Deputy Warden Nichols on November 16, 2012. (Id. at pp. 4-5, 11-16). The Magistrate Judge determines that a "prisoner is barred from bringing a civil rights action in federal court 'until such administrative remedies as are available have been exhausted.'" (Id. at p. 12) (quoting 42 U.S.C. §1997e(a)). Importantly, the exhaustion requirement is not satisfied if the inmate fails to completely exhaust available remedies prior to bringing a federal lawsuit. (Id. at pp. 13-14), citing Porter v. Nussle, 534 U.S. 516 (2002) (concluding that a plaintiff must exhaust inmate grievance procedures before initiating a section 1983 suit); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (holding that "a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 465 (M.D. Pa. 2010)

5

(Rambo, J.). Magistrate Judge Blewitt determines that a court may sua sponte dismiss a complaint when it is clear that the administrative remedy process is not complete. (Id. at p. 12), citing McPherson v. United States, 392 Fed. Appx. 938 (3d Cir. 2010) (holding that if it is apparent from the face of the complaint that the prisoner failed to exhaust administrative remedies, the court may sua sponte dismiss the complaint). The Magistrate Judge finds that DCP had an administrative remedy policy and that Plaintiff does not claim that prison officials precluded him from filing a grievance; rather, Plaintiff did not give the DCP adequate time to respond. (Doc. 6, p. 15). Furthermore, the DCP grievance procedures provide four levels of review. See Mangus v. Dauphin County Prison, 2010 U.S. Dist. LEXIS 11205, *18 (M.D. Pa. 2010) (Carlson, M.J.), adopted by, 2010 U.S. Dist. LEXIS 11200 (M.D. Pa. 2010) (Conner, J.). To properly exhaust administrative remedies, Plaintiff must wait for a response from the Warden and then, if his grievance is denied, appeal the denial through three additional levels. See Woodford v. Ngo, 548 U.S. 81, 90 (2006) ("requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out'"). Accordingly, Magistrate Judge Blewitt recommends that Plaintiff's consolidated case be dismissed for failure to exhaust. After review of the exhaustion issue, this Court will adopt the R&R.

The Magistrate Judge then addresses the merits of Plaintiff's claims. (Doc. 6, pp. 17-20). Magistrate Judge Blewitt finds that Plaintiff fails to sufficiently allege personal involvement of Defendants DeRose or Nichols. (Id. at pp. 17-18), citing Innis v. Wilson, 334 Fed. Appx. 454, 457 (3d Cir. 2009) (dismissing the prisoner's claims because the defendant must have personal involvement and because liability cannot be based on supervisory liability); Rode, 845 F.2d at 1207. Moreover, the Magistrate Judge concludes that even if Plaintiff had successfully alleged

6

personal involvement of Defendants, Plaintiff has not pled a constitutional violation. (Id. at pp. 19-20), citing Garcia v. Kimmel, 2009 U.S. Dist. LEXIS 81797, *34-35 (W.D. Pa. 2009) (concluding that prisoners have no constitutional right to be placed in a particular housing unit or to participate in any specific programs), affirmed by, 2010 U.S. App. LEXIS 10737 (3d Cir. 2010). Consequently, the R&R recommends that Plaintiff's claims be dismissed with prejudice.

After review, this Court will adopt the findings in the R&R as to the insufficiency of Plaintiff's constitutional claims. This Court agrees with Magistrate Judge Blewitt that the allegations do not state a claim for relief. However, if Plaintiff had exhausted all available remedies, this Court would give him an opportunity to amend to attempt to cure the deficiencies in the complaints before dismissing the matter with prejudice. Accordingly, the action will be dismissed without prejudice for failure to exhaust.

## Conclusion

In the absence of objections, the R&R has been reviewed for plain error and will be adopted. Magistrate Judge Blewitt correctly determines that Plaintiff's request for compensatory damages against Defendants in their official capacitiesmust be dismissed with prejudice under the Eleventh Amendment. This Court also agrees with the Magistrate Judge's conclusion that Plaintiff's three complaints should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure because they involve common questions of law and fact. Accordingly, the actions will be consolidated into Civil No. 12-2282. Further, Magistrate Judge Blewitt rightly concludes that Plaintiff failed to exhaust administrative remedies, and that Plaintiff has not pled a constitutional claim. Because this Court would normally provide Plaintiff with time to amend before dismissing his case with prejudice, this Court will dismiss the action without prejudice for

Plaintiff's failure to exhaust administrative remedies. All three cases will be closed.

A separate Order will be issued.

Date: January 31, 2013

United States District Judge